UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No. SACV 12-00382-CJC(ANx)                                   Date:  May 17, 2011

Title: <u>RYAN GREAUX V. OCWEN LOAN SERVICING, LLC</u>

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Michelle Urie</u>                                         <u>    N/A    </u>
Deputy Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** [filed 04/12/12]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for May 21, 2012 at 1:30 p.m. is hereby vacated and off calendar.

**I. Introduction and Background**

Plaintiff Ryan Greaux moves *in propria persona* to remand the instant action on the grounds that there is no complete diversity of the parties and all of his claims arise under state law.  For the reasons provided below, Plaintiff's motion is GRANTED.

On March 2, 2012, Mr. Greaux filed suit against Defendant Ocwen Loan Servicing, LLC ("Ocwen") in Orange County Superior Court for various state claims arising from a dispute over efforts to modify his $385,000 home loan and to avoid foreclosure of his residential property. (Dkt. No. 1, Exh. 1 [Complaint].)  On March 13, 2012, Ocwen removed the action to this Court based on diversity jurisdiction.  (Dkt. No. 1.)  In the Complaint, Mr. Greaux asserted eight causes of action for (1) declaratory relief, (2) unjust enrichment, (3) breach of contract, (4) violation of California's Rosenthal Act, (5) quiet title, (6) injunctive relief, (7) violation of Cal. Civ. Code § 2923.5, and (8) violation of Cal. Civ. Code § 2923.6.  Mr. Greaux filed the operative First

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00382-CJC(ANx)            Date: May 17, 2012
                                                    Page 2

Amended Complaint ("FAC") on April 11, 2012. (Dkt. No. 6.) In the FAC, Mr. Greaux asserts four claims for negligence, negligent misrepresentation, declaratory relief, and violations of Cal. Civ. Code §§ 2923.5 and 2923.6. Mr. Greaux requests, *inter alia*, declaratory and injunctive relief as well as compensatory damages. On April 12, 2012, Mr. Greaux filed the instant motion to remand. (Dkt. No. 8.) Ocwen opposed the motion. (Dkt. No. 13.) Mr. Greaux did not file a reply.

## II. Discussion

### A. Legal Standard

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.,* 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.,* 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."). Removal jurisdiction must be determined from the "four corners" of the complaint as it existed at the time of removal. *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

### B. Diversity Jurisdiction

A district court has original "diversity" subject matter jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and cost," and the action is "between citizens of different States." 28 U.S.C. § 1332(a)(1). The district court has jurisdiction only if there is "complete diversity"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00382-CJC(ANx)                              Date: May 17, 2012
                                                             Page 3

---

between the parties, meaning that each plaintiff is a citizen of a state different than each defendant.  *See id*.; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss*, 3 Cranch. 267) (1806)).

The parties' dispute turns on whether Ocwen is a California citizen and thus whether there is complete diversity of the parties.  Mr. Greaux suggests that Ocwen is a California citizen because it conducts business in California and has active status with the California Secretary of State.  (Pl.'s Mem. in Supp. Mot. to Remand, at 3.)  Ocwen argues that there is complete diversity because its purported sole member, Ocwen Financial Corporation ("Ocwen Financial"), is a non-California citizen.  (Def.'s Opp'n, at 2.)  A citizen of a limited liability company is determined by the citizenship of each member of the company.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.")  Here, Ocwen has provided evidence that it is a Delaware limited liability company. (Pornbida Decl. in Supp. Def.'s Opp'n ¶¶ 2–3, Exhs. 1–2.)  However, Ocwen only asserts in conclusory fashion that Ocwen Financial is its sole member, but provides no supporting evidence that (i) Ocwen Financial is a member of the LLC and (ii) that Ocwen Financial is its *sole* member.  (*See* Not. of Removal, at 4; Def.'s Opp'n, at 2.)  Even assuming Ocwen Financial is the sole member of the LLC, Ocwen Financial's citizenship is unclear from the materials submitted by Ocwen.[1]  Thus, Ocwen has not met its burden of showing that there is complete diversity of the parties and that the Court has diversity jurisdiction over this matter.  In such a case, the removal statute is strictly construed against removal.  *Gaus,* 980 F.2d at 566.

//
//

---

[1] It appears that Ocwen has erroneously attached two copies of its entity information from the state of Delaware's website, rather than information regarding Ocwen Financial.  (*See* Not. of Removal, Exhs. 2–3; Pornbida Decl., Exhs. 2–3.)  Ocwen has submitted a printout from the state of Florida's website that lists Ocwen Financial as a Florida corporation with its principal address in Atlanta, Georgia, but contains no information regarding its state of incorporation or its affiliation with Ocwen.  Ocwen also contradictorily asserts that Ocwen Financial is a citizen of Delaware and Georgia in its opposition, (Def.'s Opp'n, at 2), and a citizen of Delaware and Florida in its Notice of Removal, (Dkt. No. 1 [Not. of Removal], at 4).  Based on these submissions, the Court is unable to ascertain whether Ocwen Financial is the sole member of the LLC or whether Ocwen Financial is a non-California citizen.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-00382-CJC(ANx)            Date: May 17, 2012
                                                                                              Page 4

### C. Federal Question Jurisdiction

A cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleaded complaint. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, both Mr. Greaux's original Complaint and the FAC assert only state law claims against Ocwen. In its Notice of Removal, Ocwen suggests that the Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a), but has not indicated that any federal claims are implicated that share a "common nucleus of operative facts" with the state claims to permit the Court to have original jurisdiction over this action. Additionally, Ocwen cannot remove this case by asserting a defense based in federal law, as "original jurisdiction is lacking even if a defense is alleged to be based exclusively on federal law." *Sullivan*, 813 F.2d at 1371.

## III. Conclusion

Because Ocwen has not satisfied its burden of demonstrating that this Court has original subject matter jurisdiction over this action, Plaintiff's motion to remand is GRANTED. The case is hereby remanded to Orange County Superior Court.


jwp

MINUTES FORM 11
CIVIL-GEN                                                                                          Initials of Deputy Clerk MU